IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MONTRELL KILPATRICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO: 3:17-cv-00670 ) |
| HCA HUMAN RESOURCES, LLC, | ) DISTRICT JUDGE CAMPBELL ) MAGISTRATE JUDGE NEWBERN |
| Defendant. | ) ) |

## DEFENDANT'S RENEWED AND SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

This Court's decision (Doc. No. 68) to grant HCA Human Resources, LLC's ("HROC's") Motion for Summary Judgment (Doc. No. 50) was based upon undisputed issues of material fact and principles of well-settled law in the Sixth Circuit. At the time of this Court's ruling, Plaintiff failed to present a cognizable claim of sex-based discrimination or hostile work environment because both claims pertained only to his sexual orientation. (Doc. No. 68); *Kilpatrick v. HCA Human Res., LLC*, 2020 U.S. App. LEXIS 39635, *4 (6th Cir. Dec. 17, 2020). Plaintiff subsequently appealed the Court's decision and asked that the appeal be held in abeyance pending the Supreme Court's ruling in *Bostock v. Clayton Cty. Ga*. When the Supreme Court did rule, holding that employment decisions made based on an individual's sexual orientation violate Title VII, it settled a long-standing circuit split and steered this case toward a required remand for further consideration. 140 S. Ct. 1731, 1747, 1754 (2020). This Court then requested supplemental summary judgment briefing on Plaintiff's only claims to survive appeal in light of *Bostock* — his gender discrimination and hostile work environment claims as they pertain to his sexual

orientation. (Doc. Nos. 82, 83); *Kilpatrick v. HCA Human Res., LLC*, 2020 U.S. App. LEXIS 39635, *9 (6th Cir. Dec. 17, 2020).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, HROC moves the Court for summary judgment on Plaintiff's remaining claims. No matter the theory pursuant to Title VII, Plaintiff's sex discrimination and hostile work environment claims still fail on the record already before the Court for the following reasons:

- Plaintiff's gender discrimination claim fails for the same reasons his race discrimination claim failed — Plaintiff has no knowledge of any other similarly-situated employees under suspicion for submitting falsified education reimbursement documents or similar violations [the reason his employment ended] who are outside of his protected class and were not terminated.

- Plaintiff cannot establish that the reason for his separation, HROC's honest and good faith belief that Plaintiff had falsified education reimbursement documents, was pretext for sexual orientation discrimination.

- Plaintiff did not suffer severe or pervasive harassment on the basis of his sexual orientation.

In support of its renewed and supplemental motion, HROC relies upon and incorporates by reference its contemporaneously filed Renewed and Supplemental Memorandum of Law, its previously submitted Memorandum of Law (Doc. No. 51), its previously submitted Statement of Material Facts (Doc. No. 55), its previously submitted excerpts and exhibits from the deposition of Plaintiff (Doc. 50-1), its previously submitted declarations of Tina Norris (Doc. 52) and Suzi Rodgers (Doc. No. 53), and this Court's factual findings (Doc. No. 68).

          s/ Robert E. Boston
Robert E. Boston (TN BPR No. 9744)
Brittany Stancombe Hopper (TN BPR No. 031691)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380 (Telephone)
(615) 244-6804 (Facsimile)
bob.boston@wallerlaw.com
brittany.hopper@wallerlaw.com

*Attorneys for Defendant HCA Human Resources, LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing Defendant's Renewed and Supplemental Motion for Motion Summary Judgment has been served *via* the Court's electronic filing system upon:

Constance Mann, Esq.
The Law Offices of Constance Mann
1107 Battlewood Street
Franklin, TN 37069

*Attorney for Plaintiff Montrell Kilpatrick*

on March 8, 2021.

          /s/ Robert E. Boston